Hilton A. Ryder, # 54470
McCormick, Barstow, Sheppard
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300

Attorneys for Debtor

(SPACE BELOW FOR FILING STAMP ONLY)

FILED
March 12, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002481633

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

Fresno Division

In Re

**FRANK J. GOMES DAIRY,**
a California Limited Partnership,

Debtor.

Case No. 09-61024-A-11

Chapter Number: 11

Docket Control #HAR-5

Dept:   A, Courtroom 11
Judge:  Honorable Whitney Rimel

**PLAN OF REORGANIZATION**

Frank J. Gomes Dairy, Debtor and Debtor-in-Possession, (hereinafter "Debtor") voluntarily filed the above-entitled case on November 12, 2009, for a reorganization of its debts and affairs. Debtor hereby proposes the following Plan of Reorganization (hereinafter "Plan").

**CLASSIFICATION OF CREDITORS**

The following is a designation of the classes of claims in the Plan. In accordance with the Bankruptcy Code §1123(a)(1), administrative expense claims and priority tax claims have not been classified and are excluded from the following classes.

**CLASS 1: Priority Claims.** Class 1 claims shall consist of all claims entitled to priority under §507 of the Code except those priority claims not classified.

**CLASS 2: Claims Secured by Real Property.** Class 2 claims shall include all claims allowed as claims secured by contractual and non-contractual liens and encumbrances

upon real property of the Debtor to the extent so secured, except as provided in the following sub-classes:

**CLASS 2A:** Class 2A shall consist of Wells Fargo Bank ("Wells Fargo") as a fully secured creditor with a first priority lien on Dairy No. 1 and Dairy No. 2 securing an obligation of approximately $14,000,000.00

**CLASS 2B:** Class 2B shall consist of the BM&A Retirement Trust as a fully secured creditor with a second priority lien on Dairy No. 1 and Dairy No. 2 securing an obligation of approximately $4,050,000.00.

**CLASS 2C:** Class 2C shall consist of J.D. Heiskell as a fully secured creditor with a third priority lien on Dairy No. 1 securing an obligation of approximately $1,149,057.00.

**CLASS 2D:** Class 2D shall consist of Jim Lyman as a fully secured creditor with a third priority lien on Dairy No. 2 securing an obligation of approximately $570,000.00.

**CLASS 2E:** Class 2E shall consist of Stanislaus Farm Supply as a fully secured creditor with a fourth priority lien on Dairy No. 1 securing an obligation of approximately $470,253.27.

**CLASS 2F:** Class 2F shall consist of A. L. Gilbert as a fully secured creditor with an abstract of judgment on Dairy No. 1 and 2 securing an obligation of approximately $601,595.00.

**CLASS 3: Claims Secured by Personal Property.** Class 3 claims shall include all claims allowed as claims secured by contractual and non-contractual liens on personal property of the Debtor to the extent so secured, except as provided in the following sub-classes:

**CLASS 3A:** Class 3A shall consist of the claim of Agricredit Acceptance that holds a security interest in a Clauss 900 with a value of $260,000.00 securing an obligation of $247,961.20 at the time the case was filed.

**CLASS 3B:** Class 3B shall consist of the claim CNH Capital that holds a security interest in a Case Swather with a value of $80,000.00.00 securing an obligation of $75,228.32 at the time the case was filed.

///

**CLASS 3C:** Class 3C shall consist of the claim of CNH Capital that holds a security interest in a Cultivator and Roller with a value of $26,000.00 securing an obligation of $25,801.03 at the time the case was filed.

**CLASS 3D:** Class 3D shall consist of the claim CNH Capital that holds a security interest in a DX40 Loader with a value of $16,000.00 securing an obligation of $22,084.69 at the time the case was filed.

**CLASS 3E:** Class 3E shall consist of the claim Ford Motor Credit that holds a security interest in a 2008 Ford F350 with a value of $23,000.00 securing an obligation of $22,084.69 at the time the case was filed.

**CLASS 3F:** Class 3F shall consist of the claim of Ford Motor Credit that holds a security interest in a 2008 Ford 150 with a value of $16,000.00 securing an obligation of $14,712.86 at the time the case was filed.

**CLASS 3G:** Class 3G shall consist of the claim of GE Capital Finance that holds a security interest in a Bobcat Loader with a value of $27,000.00 securing an obligation of $26,041.83 at the time the case was filed.

**CLASS 3H:** Class 3H shall consist of the claim of John Deere that holds a security interest in a 7920 Tractor with a value of $60,000.00 securing an obligation of $28,251.24 at the time the case was filed.

**CLASS 3I:** Class 3I shall consist of the claim of Pacar Leasing that holds a security interest in a 2008 Peterbilt #50-14 with a value of $80,000.00 securing a lease obligation of approximately $75,000.00 at the time the case was filed.

**CLASS 3J:** Class 3J shall consist of the claim Wells Fargo that holds a security interest in a 2006 379 Peterbilt #51-50 with a value of $35,000.00 securing an obligation of $22,167.73 at the time the case was filed.

**CLASS 3K:** Class 3K shall consist of the claim Wells Fargo that holds a security interest in a Wilcox Ripper with a value of $20,000.00 securing an obligation of $16,591.49 at the time the case was filed.

///

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

**CLASS 3L:** Class 3L shall consist of the claim Wells Fargo that holds a security interest in a 2006 Sterling with Laird Mixer #2 with a value of $70,000.00 securing an obligation of $48,078.42 at the time the case was filed.

**CLASS 3M:** Class 3M shall consist of the claim Wells Fargo that holds a security interest in a West Mark Tank Trailer #14A with a value of $25,000.00 securing an obligation of $13,545.00 at the time the case was filed.

**CLASS 3N:** Class 3N shall consist of the claim Wells Fargo that holds a security interest in a 2006 Peterbilt #14 with a value of $50,000.00 securing an obligation of $26,502.60 at the time the case was filed.

**CLASS 3O:** Class 3O shall consist of the claim Wells Fargo that holds a security interest in a Case STX 500 with a value of $100,000.00 securing an obligation of $77,044.00 at the time the case was filed.

**CLASS 3P:** Class 3P shall consist of the claim Wells Fargo that holds a security interest in a 2008 Peterbilt with Laird Mixer #1 with a value of $150,000.00 securing an obligation of $146,550.93 at the time the case was filed.

**CLASS 3Q:** Class 3Q shall consist of the claim Wells Fargo that holds a security interest in a Versa Bagger with a value of $150,000.00 securing an obligation of $57,483.00 at the time the case was filed.

**CLASS 3R:** Class 3R shall consist of the claim of Wells Fargo that holds a security interest in all of the personal property of the estate securing an obligation of $6,000.000.00 at the time the case was filed.

**CLASS 3S:** Class 3S shall consist of the claim of BM&A Retirement Trust that holds a second priority lien on all of the personal property of the estate securing an obligation of $4,050,000.00 at the time the case was filed.

**CLASS 4: Executory Contracts and Unexpired Leases.** Class 4 claims shall include all executory contracts and unexpired leases of the Debtor which have not been rejected or assumed during the reorganization case or rejected pursuant to the Plan, except as provided in the following sub-class:

**CLASS 4A:** Class 4A shall consist of lease of 112 acres of open ground at the corner of Anderson and Kniebes Road, Gustine, California on a month to month basis for payment of real property taxes and insurance from Frank J. Gomes Irrevocable Family Trust Dated 4/9/03.

**CLASS 4B:** Class 4B shall consist of lease of 48 acres of open ground from Myers Family Farms at $184.00 per acre on an annual basis.

**CLASS 4C:** Class 4C shall consist of a lease of 50 acres of open ground for $200.00 per acre plus a home for employees for $550.00 per month from Lewis Bambauer on annual basis.

**CLASS 4D:** Class 4D shall consist of the lease of two swather for $4,200.00 per month from Robert McCune.

**CLASS 5: General Unsecured Claims.** Class 5 claims shall consist of the allowed general unsecured claims.

**CLASS 6: Equity Interests.** Class 6 claims shall consist of the rights of members of the Debtor in the property of the estate.

**PROVISIONS FOR PAYMENT OF CREDITORS**

**ADMINISTRATIVE CLAIMS:** Administrative claims are not impaired under the Plan and shall be paid in full upon entry of the order allowing such claim, if such order is required, or upon the effective date of the Plan, unless otherwise agreed by the parties. Any sums due the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid as provided in said section.

**UNCLASSIFIED PRIORITY CLAIMS:** Priority taxes according to the schedules total $987,000.00. These claims must be paid within five years of the date of the filing of the case on November 12, 2009, with statutory interest. The claim shall be amortized over the period of months determined by subtracting the number of months from the filing of the case until confirmation from 60, payable monthly, at the statutory interest rate.

///

///

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

**CLASS 1 CLAIM:** Class 1 claims consisting generally of priority claims other than Unclassified Priority Claims shall be paid in full upon the Effective Date. Debtor is not aware of any creditors in this Class. These claims are not impaired.

**CLASS 2 CLAIM:** The holders of Class 2 claims shall retain their liens on real property of Debtor, which shall secure the amount of claims allowed pursuant to documents in effect at the time of filing of the petition in this case and/or documents effected thereafter pursuant to approval of the court. All terms of obligations owed to holders of Class 2 claims shall remain as set forth in the existing documents, except for the provisions for the following sub-classes, which claims are impaired.

**CLASS 2A AND CLASS 3R:** Class 2A consists of the fully secured claim of Wells Fargo on real property and Class 3R consists of the fully secured claim of Wells Fargo on the personal property.

Wells Fargo will receive a fixed payment of $2,000,000.00 per year payable monthly at $166,667.00 on their entire obligation, including the terminated interest swap damage amount. The obligation will bear interest at LIBOR plus 4%. As of February 17, 2010, the monthly LIBOR was 0.23% resulting in an interest rate of 4.23%. This will result in an interest payment of about $70,000.00 per month. $125,000.00 would be applied to principal with the balance to interest with any excess interest accrual to be paid upon maturity of the loan. The monthly payment will come directly from Debtor's account.

As additional principal payments, Wells Fargo will receive 25% of the value of each gallon of milk produced above 26,350 gallons per day. This number will be calculated using $13.90 per hundred weight times the number of gallons in excess of the 26,350 on the milk check settlement statement.

Wells Fargo will also received to be applied to principal 50% of the increase in the milk price above $13.90. The $13.90 is based on the actual payment per hundred weight shown on the milk check settlement statement. As an example, if the milk price were $14.90, Wells Fargo would receive $.50 for each hundred weight produced during the month.

///

The entire obligation to Wells Fargo Bank will become all due and payable 18 months from confirmation. Between now and confirmation, Wells Fargo will continue to receive the adequate protection payments currently established in the cash collateral order.

Commencing on May 2, 2010 and continuing on the 2nd day of each and every month thereafter through and including December 2, 2010 (except as set forth below), the Debtor shall pay to the Bank the principal sum of $40,000.00 which shall be applied to the outstanding principal obligations due and owing by the Debtor to the Bank. The Bank shall be permitted to automatically debit the debtor-in-possession account previously established by the Debtor with the Bank, Account No. 4121-991988 ("DIP Account") in order to make these monthly principal payments, subject to the condition that the Bank deliver to the Debtor via mail or facsimile an invoice in the amount of $40,000.00 at least 5 calendar days prior to debiting the DIP Account (the "$40,000 Invoice Notice").

Commencing on the earlier of the following dates and on continuing monthly thereafter as set forth below (any such date, a "Trigger Date"), the Debtor shall pay to the Bank the total monthly principal sum of $125,000.00 which shall be applied to the outstanding principal obligations due and owing by the Debtor to the Bank:

(a) January 2, 2011 and continuing on the 2nd day of each and every month thereafter;

(b) The 2nd calendar day of the month following the date of the Bank's receipt of a monthly statement from the Dairy Herd Improvement Association (the "DHIA Statement") which states that the Debtor owns 3,500 or more cows (the "Cow Trigger") (which DHIA Statement shall be delivered to the Bank on the 3rd Thursday of each month or 3 days after receipt by Debtor, which shall not be later than the 23rd calendar day of each month, which ever is later) ;

(c) The 7th calendar day of the month in which the Bank's receives a creamery advance statement which states that the Debtor's cows are producing 26,350 average gallons per day (the "Gallon Trigger") (which creamery advance statement shall be delivered to the Bank directly from Saputo Cheese or by Debtor on the 1st and 15th calendar day of each month); and

7

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

(d) The 21st calendar day of the month in which the Bank receives a creamery advance statement on the 15th calendar day of the month which states a Gallon Trigger has occurred.

The Bank shall be permitted to automatically debit the DIP Account to make these monthly principal payments, as follows (i), as to a Trigger Date based on the Cow Trigger, the Bank shall be permitted to debit the DIP Account in the amount of $125,000.00 on the 2nd calendar day of the month subject to the condition that the Bank deliver to the Debtor via mail or facsimile an invoice in the amount of $125,000.00 at least 3 calendar days prior to debiting the DIP Account, and (ii) as to a Trigger Date based on a Gallon Trigger, the Bank shall be permitted to debit the DIP Account in the amount of $40,000.00 on the 2nd calendar day of each month upon the Bank's compliance with $40,000 Invoice Notice and to thereafter debit the DIP Account for the additional principal payment of $85,000.00 on the 7th or 21st calendar day of that same month, subject to the condition that the Bank deliver to the Debtor via mail or facsimile an invoice in the amount of $85,000.00 at least 3 calendar days prior to debiting the DIP Account.

Once a Trigger Date occurs, the Debtor shall be obligated to make monthly principal payments to the Bank of $125,000.00 notwithstanding (i) any decrease in the number of cows owned by the Debtor below 3500 cows, or (ii) any decrease in the average number of gallons per day being produced by the Debtor's cows below 26,350 gallons.

In addition to the monthly reporting required to be delivered by the Debtor to the Bank as set forth in paragraphs 1 and 3 above, the Debtor will notify the Bank in writing on the 15th day of each calendar month of the number of cows it owns as of the last day of the preceding month and of the average daily gallons being produced by those cows as of the last day of the preceding calendar month.

The entire obligation to Wells Fargo shall mature eighteen months from confirmation. At the end of 18 months, the maturity date can be extended if Wells Fargo receives a principal reduction of $500,000.00 including the "bonus" principal payments from the increase in gallonage and the increase in milk price. If Wells Fargo receives the $500,000.00 and there is no other default, the maturity date will be extended an additional 24 months upon the same terms

IcCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

and conditions. At the end of the 24 month extension, Debtor has two choices. The first choice is that if Wells Fargo has received an additional $1,000,000.00 in principal reduction during the 24 month period, the maturity date will be extended one more year. The $1,000,000.00 includes the two bonus payments based on gallonage and milk price. The second choice is that the Bank will release its lien on the cattle and feed to allow a refinance of the cattle and feed for the sum of $4,000,000.00. This refinance is in lieu of the $1,000,000.00 principal reduction.

The principal reduction by the end of the 24 month extension is estimated to be $6,000,000.00. If the cattle are refinanced for $4,000.00.00, the obligation on the real property will be reduced to less than $10,000,000.00 and Debtor will have one year to refinance the real estate. The junior creditors on the real estate must subordinate to any refinancing. This claim is impaired.

**CLASS 2B and CLASS 3S:** Class 2B consisting of the fully secured claim of BM&A Retirement Trust and the fully secured claim of BM&A Retirement Trust on the personal property.

BM&A Retirement Trust holds a junior lien to Wells Fargo Bank on all of the real and personal property in the estate securing an obligation of approximately $4,050,000.00. Wells Fargo and BM&A entered into an inter-creditor agreement dated November 10, 2006, which provides in general that upon liquidation of any collateral by BM&A, the proceeds of such a liquidation shall be paid to Wells Fargo. The contractual rate of interest to BM&A is 10%. BM&A under the Plan shall receive interest only payments for 60 months from confirmation at the rate of 5% per annum, payable monthly. The obligation shall continue to accrue interest at the rate of 10% per annum with the accrued but unpaid interest added to the principal. Accrued but unpaid interest added to the principal. Beginning on the 61st month, interest at 10% per annum should be paid monthly through month 120 at which time the entire obligation shall become due and payable This claim is impaired

In the event Debtor is successful in refinancing the obligation of Wells Fargo secured by the real property, this creditor shall subordinate to such refinancing provided that the refinanced obligation does not exceed the then current balance due Wells Fargo on the senior

IcCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

encumbrance. The recording of the order confirming this Plan shall be deemed a subordination in the event of such a refinance.

**CLASS 2C:** Class 2C consisting of fully secured claim of A. L. Gilbert shall be amortized over a period of 25 years accruing interest at the rate of 5% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

In the event Debtor is successful in refinancing the obligation of Wells Fargo secured by the real property, this creditor shall subordinate to such refinancing provided that the refinanced obligation does not exceed the then current balance due Wells Fargo on the senior encumbrance. The recording of the order confirming this Plan shall be deemed a subordination in the event of such a refinance.

**CLASS 2D:** Class 2D consisting of fully secured claim of J.D. Heiskell shall be amortized over a period of 25 years accruing interest at the rate of 5% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

In the event Debtor is successful in refinancing the obligation of Wells Fargo secured by the real property, this creditor shall subordinate to such refinancing provided that the refinanced obligation does not exceed the then current balance due Wells Fargo on the senior encumbrance. The recording of the order confirming this Plan shall be deemed a subordination in the event of such a refinance.

**CLASS 2E:** Class 2E consisting of fully secured claim of Jim Lyman shall be amortized over a period of 25 years accruing interest at the rate of 5% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

In the event Debtor is successful in refinancing the obligation of Wells Fargo secured by the real property, this creditor shall subordinate to such refinancing provided that the refinanced obligation does not exceed the then current balance due Wells Fargo on the senior

///

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

encumbrance. The recording of the order confirming this Plan shall be deemed a subordination, in the event of such a refinance.

**CLASS 2F:** Class 2F consisting of fully secured claim of Stanislaus Farm Supply shall be amortized over a period of 25 years accruing interest at the rate of 5% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

In the event Debtor is successful in refinancing the obligation of Wells Fargo secured by the real property, this creditor shall subordinate to such refinancing provided that the refinanced obligation does not exceed the then current balance due Wells Fargo on the senior encumbrance. The recording of the order confirming this Plan shall be deemed a subordination in the event of such a refinance.

**CLASS 3 CLAIMS:** The holders of Class 3 claims shall retain their liens on personal property of Debtor, which shall secure the amount of claims allowed pursuant to documents in effect at the time of filing of the petition in this case and/or documents effected thereafter pursuant to approval of the Court. All terms of obligations owed to holders of Class 3 claims shall remain as set forth in the existing documents except for the provisions for specific sub-classes below, which claims are impaired.

**CLASS 3A:** Class 3A shall consist of the fully secured claim Agricredit Acceptance which holds a security interest in a Clauss 900 with a value of $260,000.00 securing an obligation of $247,961.20 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3B:** Class 3B shall consist of the fully secured claim of CNH Capital which holds a security interest in a Case Swather with a value of $80,000.00.00 securing an obligation of $75,228.32 at the time the case was filed. The Case Swather shall be surrendered upon confirmation.

///

///

**CLASS 3C:** Class 3C shall consist of the fully secured claim of CNH Capital which holds a security interest in a Cultivator and Roller with a value of $26,000.00 securing an obligation of $25,801.03 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3D:** Class 3D shall consist of the fully secured claim of CNH Capital which holds a security interest in a DX40 Loader with a value of $16,000.00 securing an obligation of $22,084.69 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3E:** Class 3E shall consist of the fully secured claim of Ford Motor Credit which holds a security interest in a 2008 Ford F350 with a value of $23,000.00 securing an obligation of $22,084.69 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3F:** Class 3F shall consist of the fully secured claim of Ford Motor Credit which holds a security interest in a 2008 Ford 150 with a value of $16,000.00 securing an obligation of $14,712.86 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3G:** Class 3G shall consist of the fully secured claim of GE Capital Finance which holds a security interest in a Bobcat Loader with a value of $27,000.00 securing an obligation of $226,041.83 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3H:** Class 3 shall consist of the fully secured claim of John Deere which holds a security interest in a 7920 Tractor with a value of $60,000.00 securing an obligation of $28,251.24 at the time the case was filed. This claim shall be amortized over a period of five

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3I:** Class 3I shall consist of the fully secured claim of Pacar Leasing which holds a security interest in a 2008 Peterbilt #50-14 with a value of $80,000.00 securing a lease obligation of approximately $75,000.00 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3J:** Class 3J shall consist of the fully secured claim of Wells Fargo which holds a security interest in a 2006 379 Peterbilt #51-50 with a value of $35,000.00 securing an obligation of $22,167.73 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3K:** Class 3K shall consist of the fully secured claim of Wells Fargo which holds a security interest in a Wilcox Ripper with a value of $20,000.00 securing an obligation of $16,591.49 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3L:** Class 3L shall consist of the fully secured claim of Wells Fargo which holds a security interest in a 2006 Sterling with Laird Mixer #2 with a value of $70,000.00 securing an obligation of $48,078.42 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3M:** Class 3M shall consist of the fully secured claim of Wells Fargo which holds a security interest in a West Mark Tank Trailer #14A with a value of $25,000.00 securing an obligation of $13,545.00 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

**CLASS 3N:** Class 3N shall consist of the fully secured claim of Wells Fargo which holds a security interest in a 2006 Peterbilt #14 with a value of $50,000.00 securing an obligation of $26,502.60 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3O:** Class 3O shall consist of the fully secured claim of Wells Fargo which holds a security interest in a Case STX 500 with a value of $100,000.00 securing an obligation of $77,044.00 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3P:** Class 3P shall consist of the fully secured claim of Wells Fargo which holds a security interest in a 2008 Peterbilt with Laird Mixer #1 with a value of $150,000.00 securing an obligation of $146,550.93 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 3Q:** Class 3Q shall consist of the fully secured claim of Wells Fargo which holds a security interest in a Versa Bagger with a value of $150,000.00 securing an obligation of $57,483.00 at the time the case was filed. This claim shall be amortized over a period of five years accruing interest at the rate of 7% per annum payable monthly beginning at the end of the first full month following confirmation. This claim is impaired.

**CLASS 4 CLAIMS:** To the extent that executory contracts and unexpired leases have not been assumed or rejected during the pendency of the reorganization case or otherwise assumed, said contracts shall be deemed assumed upon confirmation, including the following sub-class:

**CLASS 4A:** Class 4A shall consist of lease of 112 acres of open ground at the corner of Anderson and Kniebes Road, Gustine, California on a month to month basis for

///

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

payment of real property taxes and insurance from Frank J. Gomes Irrevocable Family Trust Dated 4/9/03.

**CLASS 4B:** Class 4B shall consist of lease of 48 acres of open ground from Myers Family Farms at $184.00 per acre on an annual basis.

**CLASS 4C:** Class 4C shall consist of a lease of 50 acres of open ground for $200.00 per acre plus a home for employees for $550.00 per month from Lewis Bambauer on annual basis.

**CLASS 4D:** Class 4D shall consist of the lease of two swather for $4,200.00 per month from Robert McCune.

**CLASS 5 CLAIMS:** The claims of Class 5 consisting of the allowed claims of unsecured creditors total approximately $3,912,408.00. The unsecured creditors shall accrue interest at the rate of 3% per annum from the date of confirmation and shall be paid pro rata quarterly beginning at the end of the first full calendar quarter following confirmation. The amount available for distribution to the unsecured creditors as shown on the attached budgets on a yearly basis after the increase of the herd by the 1,000 animals is calculated as follows:

| | | |
|---|---:|---:|
| Gross income available for distribution to creditors | | $3,866,000.00 |
| Payment to other classes | | |
| Wells Fargo | $2,000,000.00 | |
| BM&A | 216,000.00 | |
| Priority taxes | 252,000.00 | |
| Junior real property creditors | 196,000.00 | |
| Equipment loans | 197,000.00 | |
| Total: | | 2,861,000.00 |
| Net to Unsecured Class | | $1,005,000.00 |

One fourth of this amount shall be payable quarterly beginning at the end of the first full calendar quarter following confirmation. The amount payable to unsecured creditors shall be increased or decreased according to the following formula. If the milk price for Class III milk received by Debtor exceeds $13.90 per hundred weight in the quarter in which the payment to unsecured creditors is made, the unsecured creditors shall receive 25% of such additional amount for each of the three months during the quarter. As an example, if the average milk price for the quarter were

15

$14.90 and Debtor is producing the volume anticipated after the increase and the herd size by 1,000 cows, the daily milk production would be 26,350 gallons which for each month would produce 67,983 hundred weights for a total of 203,949 hundred weights for the quarter. A $1.00 increase would result in the unsecured class receiving an additional $50,987.00 for the quarter. If the average milk price received by Debtor for the quarter is less than $13.90, the dividend to the Unsecured Class shall be reduced by the difference multiplied by the number of hundred weights produced in the quarter.

Debtor anticipates that an increase in milk price will also be accompanied by an increase in feed prices. The commodity prices having the greatest impact on Debtor feed costs are hay and rolled corn. The price of these commodities at the time of preparation of the budget were $180.00 per ton each. These prices shall be considered the "base price." At the end of each quarter in which a payment is due, the base price shall be compared to the average price paid by Debtor for the quarter for each commodity. The payment to the class shall be either increased or decreased calculated by subtracting the base price from the average price during the quarter times the number of units of each commodity purchased by Debtor during the quarter.

The budgets attached to this Disclosure Statement are based on a milking herd of 3,500 cows. By the time the Plan is confirmed, it is anticipated that the pool quota will have been sold with the proceeds used to purchase between 650 and 700 additional cows and there will be an additional increase in the herd size from heifers currently owned of approximately 100 head. For purposes of illustration it is assumed that there will be an increase of 750 of the 1,000 cows required. The 1,000 cow increase resulted in additional per month revenue of $127,200.00 or $127.20 per cow. If the Debtor is short 250 cows at the time of confirmation, the budget will be short 250 times $127.20 or $31,800.00 per month or $95,400.00 per quarter. Payment to the unsecured creditors shall be reduced by $127.20 times the difference between the average of the cows milked during the quarter in which the payment is due subtracted from 3,500. It is anticipated that the number of cows will reached 3,500 within eight months of confirmation. These claims are impaired.

///

**CLASS 6 EQUITY INTERESTS:** The Members of Debtor shall retain their interest in the property of this estate upon confirmation.

## GENERAL PROVISIONS

Albert Xavier shall receive a salary of $7,500.00 per month until Class 5 claims are paid in full and there shall be no withdrawals by either the general or limited partner of Debtor until Class 5 claims are paid in full.

To facilitate the payment of post confirmation quarterly fees and expedite entry of a final decree, Debtor shall file a Post-confirmation Status Report ("Report") with the Court, and serve a copy of the U.S. Trustee, not later than sixty (60) days after the date of the order confirming Debtor's Plan of Reorganization discussing the action taken and progress made toward substantial consummation of the Plan. The Report should be sufficiently comprehensive to enable the court to determine (a) whether the order confirming the Plan has become final; (b) whether deposits, if any, required by the Plan have been distributed; (c) whether the property proposed by the Plan to be transferred has been transferred; (d) whether the Debtor or the successors of the Debtor under the Plan have assumed the business or the management of the property dealt with by the plan; (e) whether payments under the Plan have been commenced; (f) whether accrued fees due to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) to the date of the Report have been paid, and (g) whether all motions, contested matters, and adversary proceedings have been finally resolved.

## JURISDICTION OF THE COURT

The Bankruptcy Court shall continue to maintain jurisdiction subsequent to confirmation of the Plan for the purposes including, but not limited to:

1. Fixing the allowance of any claim and/or re-examination of any claim or interest which has been allowed as of the date of confirmation, including hearing and determination of any objection to a claim.

2. Correcting any defect, curing any omission, or reconciling any inconsistency in the Plan or the order of confirmation as may be necessary to carry out the intentions and purposes of the Plan.

3. Confirming a modified Plan after confirmation of the Plan pursuant to § 1127(b) of the code.

4. Issuing any order necessary to implement the Plan or the order of confirmation, including without limitations such declaratory and injunctive orders as are appropriate to protect the trustee and the Debtor's estate and holders of claims to be paid or otherwise treated under the Plan.

5. Fixing, approving, and allowing all claims for administrative expenses including all items allowable under § 507(a)(1).

6. Entering an order concluding and terminating the reorganization case.

7. Paragraphs 1 through 6 above are listed by way of example and not limitation. Nothing contained herein shall derogate from the jurisdiction of the court with respect to interpretation, enforcement, and advancement of the purposes of this plan to the extent such jurisdiction is granted by law, including, but not limited to 28 U.S.C. §§ 1334 and 157.

The property of the estate shall re-vest in Debtor upon confirmation. The Effective Date of the Plan shall be the date of the entry of the order confirming the Plan.

Dated: March 12, 2010.

McCORMICK, BARSTOW, SHEPPARD WAYTE & CARRUTH LLP

By: /s/ Hilton A. Ryder
Hilton A. Ryder
Attorneys for Debtor

Dated: March 12, 2010.

/s/ Albert Xavier
Albert Xavier, Trustee
of the Frank J Gomes Irrevocable
Family Trust Dated April 9, 2003

17189/00011-1528025.v1

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501